**498-15**

NO. PD-0498-15

ORIGINAL

IN THE

Court of Criminal Appeals

of Texas

TRAVON LA SHAE' GINN
Petitioner

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUL 08 2015
Abel Acosta, Clerk

Vs.

The State of Texas
Respondent

Petitioner in cause no. 66,042-E from the 108TH Judicial District Court of Pottery County, Texas and for Appeal No 07-14-00118-CR from the Seventh District Court of Appeals of Amarillo, Texas

Petition For Discretionary Review

FILED IN
COURT OF CRIMINAL APPEALS

JUL 10 2015

Abel Acosta, Clerk

TDCJ-CID# 1919588
Clement Unit
9601 Spur 591
Amarillo, Texas 79107

ORAL ARGUMENT REQUESTED

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Tex R APP P 38.1 (a) (west 2009) the parties to this suit are as follows:

(1) Travon LaShae' Ginn 9601 Spur 591 Amarillo, Texas 79107 is the Appelant and was the defendant in trial Court.

(2) The State of Texas. By and through the Potter county district attorney office 501 s. Fillmore Suite 5A Amarillo, Texas 79101 is the appelle and prosecuted this Case in the trial court.

The trial attorneys were as follows:

(1) TRAVON LASHAE' GINN Repersented by DIANNA MCCOY 112 W.8TH Avenue Suite 301-I Amarillo, Texas 79101

(2) THE STATE OF TEXAS was Repersented by RANDALL C SIMS, COULTER GOODMAN and JOHN (JACK) OWEN 501 Fillmore, Suite 5A Amarillo, Texas 79101

i

the appellate attorneys are as follows:

(1) TRAVON LASHAE' GINN is Represented by DONALD F. SCHOFIELD Attorney of Defendant 112 West 8TH Avenue, Suite 530 Amarillo, Texas 79101

(2) STATE OF TEXAS is Represented by RANDALL C. SIMS Potter County District Attorney, COULTER GOODMAN Assistant District Attorney and John (Jack) Owen Assistant District Attorney and

the trial Judge was County Court at Law

NO. 07-14-00118-CR

The SEVENTH COURT OF APPEALS decided this case en banc. The majority opinion written by Hancock. Associate Justice and was joined by QUINN, CJ and Pirtle, JJ. The dissenting opinion was written by Mackey K. Hancock

# TABLE OF CONTENTS

IDENTITIES OF PARTIES AND COUNSEL .... i

TABLE OF CONTENTS.................. iii

INDEX OF AUTHORITIES ..............iv

INTRODUCTION ..................... 1

STATEMENT REGARDING ORAL ARGUMENT .... 1

STATEMENT OF THE CASE ............. 1

STATEMENT OF THE PROCEDURAL HISTORY.. 2

GROUNDS OF REVIEW ............... 3

## First Ground for Review

The Court of Appeal erred in holding sufficient evidence by way of testimony evidence of Officers misleading the jury with perjury and aggravated perjury under oath. The conflicts of the testimony to weight the evidence, and to draw reasonable inferences from basic facts to ultimate facts to support criminal conviction.

ARGUEMENT ...........................

PRAY FOR RELIEF ....................

CERTIFICATE OF SERVICE ...........

APPENDIX .........................

iii

# INDEX OF AUTHORITIES

## STATUS

| | PAGES |
|---|---|
| Tex Penal Code § 37.02 | 2, 8, 13 |
| Tex Penal Code § 37.03 | 2, 8, 13 |

## RULES

| | |
|---|---|
| Tex RAPP 38.1 | i |
| Tex RAPP 61.1 | 5 |
| Tex RAPP 66.3 | 4 |

## CASES

| | |
|---|---|
| City of Brownsville VS Alvardo (sup 1995) 897 Sw 2d 750 | 5 |
| Conner Vs State 67 Sw 3d 192,197 (Tex crim App 2001) | 6 |
| Jackson Vs Virginia 443 US 307, 316 (1975) | 6, 12 |
| KING vs state 29 Sw 3d 566, 562 (tex crim APP 2000) | 6 |
| Malik vs state 953 Sw 2d 234 (tex crim APP 1997) | 6 |
| PYLE vs KANSAS 317 US 213 (1942) | 14 |
| US vs Brown 459 F3d 509 (2006) | 13 |
| Ward vs State 829 Sw 2d 796 | 15 |

To the Court of Criminal Appeal of Texas Travon LaShae' Ginn petition court to review the judgement affirming his conviction for possesion of a controlled substance with the intent to deliver 400 grams or more.

## Statement Regarding Oral Argument

The Appellant, Travon LaShae' Ginn request and argument before the Court of Criminal Appeals of Texas because oral argument will assist the court in passing on the issue of officers false testimony under oath. Admitted there was relavant evidence that was never presented to the jury also in many other ways malicously misleading the jury. These are essential elements of the offense which must be alleged in charging instruments and proven at trial

## Statement of the Case

The Appellant was charged with possesion with intent to deliver a controlled substance in an amount of 400 grams or more CR:12, 44-45 Appelant was tried before a jury on March 5, 2014

1

on March 7, 2014. trial ended in mistrial. Appelant was tried before a jury again and found guilty as charged CR:42,44-45 on March 20, 2014, Appelant went to the jury for punishment and received and was sentenced to 17 years in TDCJ-ID CR:21,22,36,44-45. Appelants Motion for New Trial Court Certification of Defendant's right of Appeal were each duly filed CR:28-29, 32, 47-49

## STATEMENT OF PROCEDURA HISTORY

The Court of Appeal for the 7TH Court of Appeal District of Texas affirmed the judgement and sentence on March 31, 2015

## GROUNDS FOR REVIEW

The Court of Appeal erred in holding sufficient evidence by way of testimony evidence of Officers misleading the jury with perjury and aggravated perjury under oath. VTCA 37.02 (a)(1), 37.03(A)(1)(2). The fabricated evidence was used to support criminal conviction. The weight of evidence to draw reasonable inferences from basic facts to ultimate facts. Malicously not presenting relavant evidence at trial.

2

Confront witnesses of fundamental and essenial to a fair trial and is protected by due process guarantee of Constitution Art 1 § 10 and USCA Constitution Amendment 6.

## Argument

Introduction,

The Consequence of the majority opinion is to permit the conviction of a defendant with false statements of officers under oath not allowing defendant a fair trial.

AS will be discussed in detail later in this petition the information of mere fortuitous of appellant having a backpack in the hatch section of his girlfriends vehicle with instruments used for family ice cream truck business. Then the unidentified owned of a second and third back pack with a vacuum sealer, a roll of bags, three digital scales, gloves and a power inverter (RR3: 13) located in the second ROW of seats which Officer Edward felt it was not important to take pictures of (RR2: 170) Trying to ameliorate the presumption of each officers egregious behavior under oath.

3

# Reason for Granting Review

It would assist the branch and bar of this state if this court grants this petition because in deciding that the testimony evidence in way of perjury, aggravated perjury and tampering with evidence is misleading the jury. This is essential elements of the offense under state and federal law, The Court of Appeal:

(1) with regard to Appellants ground for his decided an important question of state and federal law in a way that Due process guranted by the 14TH Amendment that no person shall be made to suffer the onus of a criminal conviction except upon sufficent proof. Defined as evidence neccessary to convince a trier of fact beyond a reasonable doubt of the existence of "Every" element of the offense. Federal Rule of Evidence 401

The State and Federal law in a way that conflicts with an applicable decision of Court of Criminal Appeals Tex RAPP 66.3(c)(e)

(2) Seeking to reverse Judgement based on evidentiary error need only prove that the error probably resulted in improper Judgement, usually by showing that the judgement turns on particular evidence excludedor admitted, It is not necessarily to prove that but for the error

4

different judgement would necessarily have been rendered. City of Brownsville vs Alvardo (sup 1995) 897 SW 2d 750 Tex RAPP 61.1

The Allegation Vs The Proof

In this case the information correctly folled the statute and read in partinent part, that on or about the 2ND day of September 2012, Travon LaShae' Ginn (Appellant) here in after referred to a defendant with possesion with the intent to deliver. Otherwise exercising control over said property. Said property being (PCP). The connecting factor to the contraband was of vacuum sealer, pieces of vacuum bags, gloves and three digital scales. (RR2:191) Following that testimony, came another testimony there were two other backpacks one with a Roll of vacuum bags, vacuum sealer, three digital scales and gloves (RR3:11-12) The owner of these items were not identified. No evidence was offered or admitted as to who the owner of these two backpacks belong the alleged "Owner" is.

5

Legal sufficiency of the evidence is measured against the elements of the offence as defined in a hypothetically correct jury charge, one that "accurately sets out the law. It does not necessarily increase the States burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." Malik vs State, 953 SW2d 234,240 (Tex Crim Ap 1997) When reviewing the legal sufficiency of the evidence, an appellate court must review the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson vs Virginia, 443 US 307,316 (1979) King vs State, 29 Sw 3d 556,562 (Tex Crim App 2000) The court considers "all" evidence that sustains the conviction, whether properly or improperly admitted, and whether introduced by the State or the defense. Conner Vs State, 67 SW 3d 192,197 (Tex Crim App 2001)

6

In this case, there is no evidence of the identity of the owner of the two backpacks. The State presented through five witnesses, three state troopers, one Lab tech and one Paramedic. Exhibit 9-13 was continually refferred to in testimony of Trooper Edward and Trooper Haley. Both claiming to discover the same backpack in different locations. Trooper Edwards testified after going threw backpack in Exhibit 9. I placed backpack on the ground and did not put backpack back into car until search was over. (RRZ:189) Trooper Edwards was the only officer searching the vehicle when Trooper Edwards placed backpack Exhibit 9 on the ground behind the car as seen in Exhibit 21-22. Trooper Edwards also testified it would be incorrect that Trooper Haley found the backpack on Exhibit 9-13 (RRZ:192) Edward did agree that he errored in his police report, When he reported that Trooper Haley found backpack in Exhibit 9-13.

7

Trooper Haley testified that she made false statement under oath at previous trial 10 days prior. Testifying that She found the backpack in Exhibit 9 * (RR3:12,15,16) Actually there was a second backpack that she had mixed up with Exhibit 9 It also had a vacuum sealer, gloves, three scales, power invert and this bag had a roll of vacuum seal bags (RR3:16-17) She continued with stating she was inside the vehicle on the front passenger side looking to the back where Troop Edward was and seen him going through backpack in Exhibit 9 and then seen him place backpack on the ground behind the vehicle.

Troop Edwards stated he only took pictures of what he felt was important (RR2:170,193, 210) The only pictures presented to the jury, was pictures of items that belong to Appellate. Malciously not presenting pictures of second backpack in trial to ameliorate

* VTCA 37.02(c)(1), 37.03 (A)(1)(2)

8

a presumption that appellate backpack was the only one at the location. Trooper Edwards agrees there is a legitimate reason to have everything in backpack in Exhibits 9-13 (RR2:198) The Family business an all the items surrounding the backpack cheese, Chili, holders for nachos and ice cream supplies all shows the legitimate contents (RR2:199) Trooper Haley found the second backpack on the second row right in the same area as the substance that was found under folded seat. Legitimate and illegitimate There is a mere fortuitous event that only pictures were shown of appellate business items and appellate was convicted do to the fortuitous that his backpack was presented as being solely the only one in the vehicle.

Trooper Haley story just never truely added up in many ways. She stated she changed her testimony from the previous

9

trial. That ended in a mistrial (RR3:15) She stated she wrote her report on memory and David Edwards report. (RR3:22) Which would be understanding to why, Trooper Haley would believe she was the person that found the back pack in Exhibit 9-13 Do to the fact Trooper Edwards report was wrong which was not acknowledge until trial which did not give Trooper Haley time to fix her story. Trooper Edward testified it would be incorrect that Trooper Haley found the bag on Exhibit 9. My police report was incorrect. (RR2:192)

### The reasoning of the Majority Opinion of the Court of Appeals

Appellant, Travon Lashae Ginn, was charged with possesion, the main focus of the conviction was the fact of appellant being the owner of exhibit 9-13. Where Exhibit 9-13 is presented as the only evidence. ALthought testimony shows there was a second bag of interest. The State failure to prove or present the alleged second bag of interest. Misleading the jury to believe there was only one backpack.

10

The majority reasoned that because personal property belonging to appellant was located in the same backpack as the alledged paraphernalia, appellant admitted to owning vacuum sealer and vacuum bags with Food Saver brand and the contraband were inside two vacuum seal bags bore the Food Saver brand. With belief that appellate backpack with above items in them even thou the vacuum bags in appellate bags were only folded pieces of bags not big enough to hold any bottles. With out it being present as the sole backpack doubt would have been raised.

The majority of the Court of Appeals erred

The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be not simply to determine, whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. But this inquiry does not require a court

11

to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt" Wood by v INS, 385 US at 282, 87 S.ct at 486 (see in Jackson) Instead the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Johnson vs Louisiana. 406 US at 362, 92 S.ct at 1624-1625 (see in Jackson) This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged the fact finder's role as weigher of the evidence is preserved through a legal conclusion that upon judical review "all" of the evidence. Jackson vs Virginia 443 US 307, 99 Sct 2789

12

The majority of the Court of Appeals erred from false statements of witness NTCA 37.02 (a)(1) 37.03 (A)(1)(2) Perjury upon making false statements under oath or swearing to truth of false statement previously made when statement is required or authorized by law to be made under oath. For defendant or witness false statement to be "material" within meaning of perjury statute, they need only have natural tendency to influence or be capable of influencing, the decision of decision making body to which they were addressed 18 U.S.C.A § 1623 U.S V Brown 459 F 3d 509 (2006)

Appellants imprisonment resulted from perjury testimony, knowingly used by the State authorities to obtain his conviction and from the deliberate suppression by those same authorities of evidence favorable to him. The allegation sufficiently charge a deprivation of right guaranteed by the federal Constitution

13

It Shows " at a bare minimum, that offier Haley perjured herself when she changed her pervious testimony and eviscerates her credibility as a witness."

The applicant contends that juror were specifically instructed that they were legally required to find Officer Haley's testimony true in order to convict the appellant. Appellant also argues that Haley perjured about the evidence so it directly place him in connection to the "drugs."

The credibility of the jury believeing the testimony of a perjured witness is reason for evidence to be insufficient for conviction.

## Prayer for Relief

For the reasen herein alleged, the majority of Court of Appeal erred in overruling Appellant's Point of error in Appeal NO 07-14-00118 CR. Therefore Appellant prays this Court grants this petition, order briefing and upon reviewing judgement entered below, reverse the judgement of the Court of Appeal and remand this case

14

to the trial court of the entry of a judgement of acquittal. Ward vs State 829 SW2d 796

Respectfully Submitted

Travon LaShae' Ginn
TDCJ-CID #1919588
Bill Clements Unit
9601 Spur 591
Amarillo, Texas
Petitioner, Pro Se

## Certificate of Service

I Hearby Certify that pursuant to Rule 9.5 and 68.11 of the Texas Rule of Appellate Procedure. a true and correct copy of the above and foregoing Petition for Discretionary Review has been forwarded by United States Mail. Postage Pre Paid. First Class to the Texas Court of Criminal Appeals P.O Box 12308 Austin, Texas 78711 On this the 26TH day of June, 2015

Travon LaShae Ginn
Petitioner, Pro Se



# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-14-00118-CR

---

TRAVON LA SHAE GINN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 66,042-E, Honorable Douglas Woodburn, Presiding

---

March 31, 2015

MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Travon La Shae Ginn, was indicted for the offense of possession with intent to deliver a controlled substance, phencyclidine (PCP), in an amount of four hundred grams or more.[1] Appellant was convicted of the offense following a jury trial, and the jury then assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) for 17 years. Appellant has

---

[1] See TEX. HEALTH & SAFETY CODE ANN. § 481.112(f) (West 2010).

perfected his appeal and presents one issue to the Court. Therein, appellant contends that the evidence was legally insufficient to support the jury's verdict. We will affirm.

## Factual and Procedural Background

On September 2, 2012, appellant was travelling from Moreno Valley, California, to Oklahoma City, Oklahoma, when his vehicle was stopped for "failing to display a license plate." At the time of the stop, appellant was in the passenger seat, and the vehicle was being driven by Anthony Piggue. During the ensuing traffic stop, Department of Public Safety Trooper David Edwards began to suspect that there was some criminal activity connected to the vehicle and asked for and was granted permission to search the vehicle. As a result of the search, two plastic containers were discovered that contained the suspected contraband. Each plastic bottle was inside two vacuum-sealed plastic bags. The officers who found the contraband recognized that the liquid was leaking out of one of the bottles into the inner bag. This made the officers suspect the liquid was PCP. Ultimately, appellant was arrested, and the contraband was turned into the DPS Lab in Amarillo, Texas, where forensic testing proved that the liquid was PCP.

The jury returned a guilty verdict against appellant and assessed his punishment at confinement in the ID-TDCJ for 17 years. Appellant contends on appeal that the evidence was insufficient to support the jury's verdict. Specifically, appellant contends that the evidence was insufficient to show that appellant intentionally or knowingly "possessed" the contraband. We disagree and will affirm.

2

## Standard of Review

In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction." *Brooks*, 323 S.W.3d at 917 (Cochran, J., concurring). We remain mindful that "[t]here is no higher burden of proof in any trial, criminal or civil, and there is no higher standard of appellate review than the standard mandated by *Jackson*." *Id.* When reviewing all of the evidence under the *Jackson* standard of review, the ultimate question is whether the jury's finding of guilt was a rational finding. *See id.* at 906–07 n.26 (discussing Judge Cochran's dissenting opinion in *Watson v. State*, 204 S.W.3d 404, 448–50 (Tex. Crim. App. 2006), as outlining the proper application of a single evidentiary standard of review). "[T]he reviewing court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony." *Id.* at 899. If a reviewing court determines that the evidence is insufficient to establish any element of the offense, it must reverse and render a judgment of acquittal. *Dean v. State*, 449 S.W.3d 267, 268 (Tex. App.—Tyler 2014, no pet.) (citing *Cuddy v. State*, 107 S.W.3d 92, 95 (Tex. App.—Texarkana 2003, no pet.)); *see Saldana v. State*, 418 S.W.3d 722, 726 (Tex. App.—Amarillo 2013, no pet.).

3

## Applicable Law

To prove possession of a controlled substance, the State is required to prove the accused (1) exercised actual care, custody, control, or management over the substance and (2) knew the matter he possessed was contraband. *See Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005); *see also* TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (West Supp. 2014). The evidence must establish the accused's connection with the controlled substance was more than just fortuitous. *See Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2005); *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995) (en banc).

If the appellant was not in exclusive possession of the contraband, the State is required to present evidence that affirmatively links appellant to the said contraband. *See id.* at 748. Courts have found numerous factors useful in determining whether an accused's link to a controlled substance was more than just fortuitous. Affirmative links may include, but are not limited to the following considerations: (1) whether the contraband was in plain view or recovered from an enclosed place; (2) whether the defendant was the owner of the premises or had the right to possess or control the place where the contraband was found; (3) whether the defendant was found in possession of a large amount of cash; (4) whether the contraband was conveniently accessible to the defendant; (5) whether the contraband was found in close proximity to the defendant; (6) whether an odor of contraband was present; (7) whether the defendant possessed other contraband when arrested; (8) whether the defendant possessed paraphernalia to use the contraband; (9) whether paraphernalia to use the contraband was available to or in plain view of the defendant; (10) whether the physical

4

condition of the defendant indicated recent consumption of the contraband in question; (11) whether conduct by the defendant indicated a consciousness of guilt; (12) whether the defendant made any incriminating statements when arrested; (13) whether the defendant attempted to flee; (14) whether the defendant made furtive gestures; (15) whether the defendant had a special connection to the contraband; (16) whether the persons present gave conflicting statements about relevant matters; (17) the quantity of the contraband discovered; (18) whether the defendant was armed; (19) whether the defendant was observed in a suspicious place under suspicious circumstances; (20) whether the accused was familiar or had previous experience with drugs; and, (21) whether any forensic evidence (e.g., fingerprints, DNA, etc.) connects the defendant to the contraband or its container. *Triplett v. State,* 292 S.W.3d 205, 209 (Tex. App.— Amarillo 2009, pet. ref'd). It is not the number of factors present that is important but the logical force of these factors which determines whether the State's evidence links appellant to the contraband. *See Evans,* 202 S.W.3d at 162.

## Analysis

The vehicle in which appellant was a passenger was initially stopped for failure to display a license plate. Trooper Edwards was initially informed that the license plates, front and back, had been stolen. When Edwards opened the rear of the vehicle to begin his search, a license plate, later verified as belonging on the vehicle, fell out. Edwards asked appellant about this contradiction and was informed that appellant did not know why the license plate was in the rear of the car. This change of stories and response further raised Edwards' belief that there was some sort of criminal activity afoot surrounding the vehicle.

5

The amount of PCP found in appellant's vehicle weighed 1.29 kilograms or 1,290 grams. The testimony reveals that this would be considered a large amount of PCP. The contraband was found beneath the third row of seats in the vehicle in which appellant was a passenger. The third row seat was folded down flat and had the effect of extending the cargo area forward. The contraband was stored in a two plastic "Vitamin Water" bottles that had been double bagged in plastic vacuum-sealed bags. These bags were marked with the "Food Saver" brand logo.

There were numerous items of personal property located in the cargo area of the vehicle. From the record, we learn that the vehicle belonged to appellant's fiancée and that he had permission to drive it from California to Oklahoma City. Appellant admitted that the backpack found in the cargo area belonged to him. Inside that backpack were found a plastic vacuum sealer, vacuum bags bearing the "Food Saver" brand, a set of scales, latex gloves, and a power inverter. Testimony revealed that the power inverter could be used to run the vacuum sealer off of the cigarette lighter in the vehicle. Additionally, items of appellant's personal property, clothes, eye care products, and a watch were found in the backpack. During the search, another large roll of vacuum bags bearing the "Food Saver" brand was also found in the rear of the vehicle.

When Trooper Edwards stopped the vehicle for not displaying a license plate, he initially dealt with Piggue, who was then driving the vehicle. Edwards testified that Piggue was extremely nervous, breathing rapidly, and avoiding eye contact with the officer. According to the trooper's testimony, Piggue's hands were visibly shaking when he handed over his identification card. After asking Piggue to step from the car and taking him back to his patrol car, Edwards went back to the vehicle to ask permission to

6

search the vehicle. According to Edwards, appellant began by giving him excuses rather than simply granting consent to search or denying consent. Edwards observed appellant when the contraband was discovered and stated that appellant showed no surprise when the two bags were pulled from beneath the seat.

Agent William Brown of the DPS actually found the PCP and transported appellant to the DPS offices in Amarillo. Appellant advised Brown that he was coming from California to Oklahoma City and that they, appellant and Piggue, drove straight through without stopping to spend the night anywhere along the way. According to Brown, this would have taken approximately 15 hours.

Being mindful of our responsibilities as a reviewing court, we must view the evidence in the light most favorable to the jury's determination in order to ascertain whether a rational jury could have found all of the essential elements required to convict appellant beyond a reasonable doubt. *See Jackson,* 443 U.S. at 319; *Brooks,* 323 S.W.3d at 912. We apply this analysis to the totality of the facts in reviewing whether there is enough probative evidence to link appellant to the contraband in question. *See Evans,* 202 S.W.3d at 161; *Brown,* 911 S.W.2d at 747.

The evidence that links appellant to the contraband is as follows:

(1)     the contraband was discovered in a closed place;

(2)     appellant had a right of possession and control over the vehicle where the contraband was found;

(3)     the contraband was conveniently accessible to appellant;

(4)     the contraband was found in close proximity to appellant;

7

(5)     paraphernalia to use the contraband was discovered at the same time and in the same location;

(6)     personal property belonging to appellant was located in the same backpack as the paraphernalia;

(7)     appellant and Piggue both demonstrated significant nervousness when stopped, which along with the answers appellant provided regarding the license plate, could be properly viewed as a consciousness of guilt;

(8)     appellant admitted to owning the vacuum sealer and the vacuum bags, and the bags were "Food Saver" brand;

(9)     the plastic bottles containing the contraband were inside two vacuum-sealed bags that bore the "Food Saver" brand; and

(10)    the amount of contraband was large, indicating more than for personal use.

*See Triplett,* 292 S.W.3d at 209. All of these links point directly, or circumstantially, to appellant as possessing the contraband. *See Evans,* 202 S.W.3d at 161; *Brown,* 911 S.W.2d at 747. Appellant's connection with the contraband was more than just fortuitous. *See id.*

Appellant essentially contends that, because he produced testimony and evidence that would show the reason for the trip had nothing to do with the contraband and that he legitimately used some of the paraphernalia found in his ice cream truck business, the evidence is insufficient. To accept appellant's position requires this Court to supplant the jury's function as the arbiter of the credibility of the evidence and the weight and value to be given to that evidence. *See Brooks,* 323 S.W.3d at 899. This we cannot do, as we are instructed to defer to the jury's findings in the area of credibility and weight and value of evidence. *See id.*

8

Because we find there is sufficient evidence to link appellant to the contraband, we overrule appellant's contention to the contrary.

## Conclusion

Having overruled appellant's single contention, we affirm the trial court's judgment.

Mackey K. Hancock
Justice

Do not publish.

Traxton Grinn #1919588
Clements Unit
9601 Spur 591
Amarillo, Tx 79107

1H687

Texas Court of Criminal Appeals
PO Box 12308
Austin, TX 78711

